UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRENTON DAVON FYE,

        Plaintiff,

           v.                                CAUSE NO. 3:25-CV-350-SJF

RIPPE, et al.,

        Defendants.

<u>OPINION AND ORDER</u>

Trenton Davon Fye, a prisoner without a lawyer, is proceeding in this case against Captain Rippe, Warden Jason Smiley, Deputy Warden Gann, and Policy Coordinator Christina Stobaugh-Duncan "in their personal capacity for monetary damages for deliberate indifference to the dirty conditions in his cell in the Westville Control Unit in violation of the Eighth Amendment[.]" ECF 7 at 6-7. The defendants filed a motion for summary judgment, arguing Fye did not exhaust his available administrative remedies before filing this lawsuit. ECF 20. Fye filed a response, the defendants filed a reply, and Fye filed an authorized sur-reply. ECF 28, 29, 30, 32. The defendants' motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Westville Correctional Facility which required Fye to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 20-1 at 2; ECF 20-2 at 3. Regarding the first step,

2

once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." ECF 20-2 at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* The Offender Grievance Process does not provide any further steps for the inmate to take if the Grievance Specialist does not respond to his written notification.

Fye provides evidence he submitted numerous grievances related to his claim in this lawsuit. First, he submitted a grievance on October 10, 2024, complaining he submitted requests to Captain Rippe for his cell to be cleaned but was ignored. ECF 1-1 at 2. Five days later, he submitted a second grievance complaining Sergeant Nolan had refused to provide him a broom, mop, or clean mop water. *Id.* at 3. The Grievance Specialist attests she has no record of ever receiving either of these grievances from Fye. ECF 20-2 at 6. On November 18, 2024, Fye submitted a new grievance addressed to the Grievance Specialist which informed her that he had not received any receipt or response to his previous two grievances. ECF 1-1 at 4. On January 6, 2025, Fye submitted another grievance complaining that Captain Rippe still was ignoring his requests for a cell cleaning. *Id.* at 6. On February 11, 2025, Fye submitted a new grievance complaining that the unsanitary conditions in his cell were unaddressed despite his numerous complaints and grievances. *Id.* at 7. Lastly, on March 11, 2025, Fye

3

submitted a grievance addressed to the Grievance Specialist complaining that all of his grievances were being ignored. *Id.* at 8. The record contains no evidence Fye ever received any receipt or response to any of these grievances. On April 14, 2025, Fye filed this lawsuit. ECF 1 at 21.

Here, the evidence shows Fye exhausted all remedies that were available to him before he filed this lawsuit. Specifically, he submitted a relevant grievance on October 10, 2024, waited ten business days without a response, and then submitted a written notification to the grievance office on November 18 notifying her of the lack of receipt or response to this grievance. ECF 1-1 at 2, 4. At that point, the Grievance Specialist had ten business days to "investigate the matter and respond to the offender's notification." ECF 20-2 at 9. There is no evidence the Grievance Specialist did so, which left Fye without any further available remedies to exhaust. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (concluding an inmate has exhausted his administrative remedies "when prison officials fail to respond to inmate grievances because those remedies [have] become 'unavailable'"); *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement.").

In their reply, the defendants argue Fye "does not provide copies" of his grievances. ECF 29 at 2. But Fye attached copies of his grievances to his complaint (ECF 1-1), and referenced these exhibits in his summary judgment response (ECF 28 at 1). The defendants also argue Fye "gives no description or explanation of what" attempts he

4

made to submit a written notification to the Grievance Specialist. ECF 29 at 2. But Fye

provides evidence he submitted grievances to the Grievance Specialist on November 18,

2024, and March 11, 2025, notifying her that he had not received any receipt or response

to his grievances (ECF 1-1 at 4, 8), which complies with the Offender Grievance Process'

requirement that he "notify the Offender Grievance Specialist" and "retain[] a copy of

the notice." ECF 20-2 at 9. The Offender Grievance Process does not provide any

specific procedure for how the inmate should give written notice to the Grievance

Specialist, and the defendants do not explain why Fye's November 18 and March 11

grievances were in any way inadequate to provide written notice. Therefore, Fye has

provided evidence he submitted written notifications to the grievance office after

receiving no response to his grievances, and the defendants do not genuinely dispute

that evidence. Accordingly, because the undisputed facts show the Grievance Specialist

made Fye's administrative remedies unavailable by failing to respond to his grievance

and subsequent written notifications, the defendants have not met their burden to show

Fye had available administrative remedies he did not exhaust before he filed this

lawsuit.[1] For these reasons, the court DENIES the defendants' motion for summary

judgment (ECF 20).

---

[1] In his sur-reply, Fye notes his grievances only mention Captain Rippe and does not mention the other defendants, and "admits" summary judgment is therefore warranted in favor of those other defendants. ECF 30 at 3. But the defendants do not raise this argument. And regardless, Fye was not required to specifically name each defendant in his grievances, and his grievances as a whole were sufficient to put the prison on notice that other defendants may have been involved in the problem. *See Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"); *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (a grievance "will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought."). Fye's grievances therefore exhaust his claims against all defendants.

SO ORDERED on July 23, 2026.

　s/Scott J. Frankel

Scott J. Frankel
United States Magistrate Judge